FILED BY LS D.C.

Mar 4, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC SMITH,

Plaintiff,

V.

CURALEAF INC, a foreign corporation,
Defendant

19-60568-CV-SCOLA/HUNT

Case No.:

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

1. I, ERIC SMITH, Plaintiff, bring this action against Defendant, CURALEAF INC, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is an action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in invasion of privacy, annoyance, intrusion on seclusion, trespass, conversion, and nuisance and disruption of Plaintiff's daily life. Plaintiff also seeks statutory damages and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

5. Jurisdiction is also proper under 28 U.S.C. § 1331(a)(1) because Plaintiff is a citizen

of a different state than that of the Defendant's principal place of business. (2) Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text in violation of the TCPA, which, when aggregated, exceeds the $75,000.00 (seventy-five-thousand dollar) threshold for federal court jurisdiction under 28 U.S.C. § 1331(a) Therefore, both the elements of diversity jurisdiction and amount-in-controversy jurisdiction are present.

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because (1) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, (2) Defendant provides and markets its services within this district, (3) Defendant has a corporate office within this district (4) Defendant has a designated n agent for service of process in the State of Florida; Defendant has thereby established sufficient contacts, thus, subjecting itself to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida. The texts the Defendant sent to the Plaintiff occurred within this district.

**PARTIES**

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

8. Defendant is a Massachusetts corporation whose principal office is located at 301 Edgewater Place Suite 405 Wakefield, Massachusetts 01880. Defendant directs, markets and provides its business activities throughout The State of Florida and eleven additional states. Defendant's registered agent for service of process is Corporation Service Company, 1200 Hayes Street Tallahassee, FL 32301.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

9. The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment.

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

13. The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous ***written*** disclosure must be provided to the individual. *See 2012 FCC Order, 27 FCC Rcd. at 1839* ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls....").

14. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

16. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'*clear and conspicuous disclosure*' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number

the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

17. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 820 (8th Cir. 2015).

18. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id. (citing Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

19 . The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 *FCC Rcd.* 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

20. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd*. 14014, ¶ 136 (2003).

21. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd*. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has

determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); T*oney v. Quality Res., Inc.*, 2014 *WL* 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending a telemarketing text message).

23. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

**FACTS**

24. At all times relevant, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

25. Defendant is an American cannabis operator who directs, markets and provides its business activities throughout the United States with a strong presence in the State of Florida.

26. On or about October 21, 2018, Plaintiff visited Defendant's retail cannabis dispispency located at 148 North Federal Highway, Deerfield Beach, Florida 33441 for the purpose of purchasing medical marijuana as prescribed by Plaintiff's Physician.

27. On or about October 21, 2018, Defendant surreptensity obtained Plaintiff's cellular telephone number and used it for the purpose of sending telemarketing text messages to Plaintiffs cellular telephone using an ATDS, without prior consent from the Plaintiff.

28. On or about October 23, 2018 at 7:17pm Defendant, or Defendant's agent sent the following telemarketing text message to Plaintiff's cellular telephone number ending in 7329 ("The 7329 Number"), through the use of an ATDS:

> Patient Renewal Day. Get $75 OFF* your purchase when you visit a Curaleaf Dispensary and present the email confirmation that proves you renewed your MMUR card within the last 30 days (September 24 to October 24, 2018) *$200 minimum purchase required to obtain the discount. Valid for in-store purchases only on 10/24/18
> Text STOP to end

29. On our about October 25, 2018 at 9:54 AM, Defendant, or Defendant's agent, sent the following telemarketing text message to Plaintiff for the second time using an autodialer for purposes of selling goods or services:

> Celebrate and save with Curaleaf! In celebration of our Daytona Beach Grand Opening, please take advantage of our BUY ONE -GET ONE 50% OFF on all THC products on 10/25/18 and 10/26/18. Second item must be of equal or lesser value. Valid for in-store, online and phone orders. Cannot be combined with any other promotions and discounts. WSL.
> Text STOP to end

30. On November 1, 2018 Plaintiff sent notice to Defendant's email address (info@curaleaf.com) and regular mail to Defendant's address listed on Defendant's website (https://www.curaleaf.com) informing Defendant the text messages being sent to Plaintiff's cellular telephone were in direct violation of the TCPA. (2) causing Plaintiff annoyance and aggravation (3) to cease from sending any further offending telemarketing text messages using an ATDS.

31. Defendant blatantly ignored Plaintiff's notice and as of the date of this filing has not stopped sending Plaintiff illegal telemarketing text messages using an ATDS.

32. Within the time period of October 23, 2018 and March 4, 2019, Defendant, or Defendant's agent sent Plaintiff 60 (sixty) individual telemarketing text messages, using an ATDS.

33. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services.

34. The number that transmitted the text messages (855) 893-5649 is operated by or on behalf of Defendant.

35. The URL link (https://www.curaleaf.com) is operated by or on behalf of Defendant.

36. Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

37. At no point in time did Plaintiff provide Defendant with consent, to be contacted using an ATDS, or otherwise.

38. Plaintiff is the subscriber and sole user of the 7329 Number, and is financially responsible for phone service to the 7329 Number.

39. At all times relevant, Plaintiff's number was listed on the National Do Not Call Registry.

40. The generic nature of Defendant's text messages, combined with the large number of messages sent by Defendant, demonstrates that Defendant utilizes an automatic telephone dialing system ("ATDS") in transmitting the messages.

41. Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

42. Defendant's violations of the TCPA were knowing and willful.

43. Defendant's unsolicited text messages caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption of daily life, reduction in cellular telephone battery life, data, messaging charges, and loss of use of Plaintiff's cellular telephone.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**

44. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45. Defendant violated the TCPA by sending unsolicited text messages to Plaintiff's cellular telephone without first obtaining prior express consent and using equipment which constitutes an automatic telephone dialing system for the express purpose of marketing Defendant's goods and services.

46. Defendant's text messages caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption of daily life, reduction in cellular telephone battery life, data, messaging charges, and loss of use of Plaintiff's cellular telephone.

47. As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)

48. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such future conduct.

**WHEREFORE**, Plaintiff demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

b. Statutory damages of $500.00 for each and every text message made in negligent violation of the TCPA;

c. Reasonable attorney's fees and costs;

d.. Such other relief as this Court deems just and proper

**COUNT II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**

49. Plaintiff re-alleges and incorporates paragraphs 1-43 as if fully set forth herein.

50. Plaintiff did not expressly authorize Defendant to send autodialed calls to his cellular telephone in service of Defendant's general business aims. Further, Plaintiff's notification to Defendant of it's violations of the TCPA and instruction to cease messages effectively *revoked any prior consent Defendant may believe it had. See Osorio v. State Farm Bank*, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

51. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

52. Defendant knew that it did not have prior express consent to send these text messages, and knew or should have known that its conduct was a violation of the TCPA.

53. Because Defendant knew or should have known that Plaintiff had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff pursuant to 47 § 227(b)(3) of the TCPA.

54. As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff demands a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

b. Statutory damages of $1,500.00 for each and every text message that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

c. An award of reasonable attorney's fees and costs;

d. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the text messages and calls as alleged herein.

Date: March 4, 2019

Respectfully Submitted,

Eric Smith
520 North Ocean Blvd. Unit 19
Pompano Beach, FL 33062
(t) 561.268.1142
*(e) easmith.fl@gmail.com*